UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRYSTEN A. OVERLY, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>KEYBANK NATIONAL ASSOCIATION, )<br>      Defendant. ) | 1:08-cv-662-SEB-TAB |

**REPORT AND RECOMMENDATION
FOLLOWING SHOW CAUSE HEARING**

The preamble to the Indiana Rules of Professional Conduct states that lawyers have special responsibilities for the quality of justice. Lawyers should be competent and diligent and should demonstrate respect for the legal system and for those who serve it. The preamble also states that lawyers should strive to attain the highest level of skill, to improve the law and the legal profession, and to exemplify the legal profession's ideals for public service. Plaintiff's counsel, Mike Kendall, has fallen woefully short of these ideals.

Instead of modeling these qualities, Kendall failed to comply with this Court's April 24, 2009, order to pay $928 in attorney fees Defendant incurred in connection with Defendant's successful motion to compel. [Docket No. 40.] Defendant's counsel brought Kendall's failure to pay to his attention, prompting Kendall to respond in a July 10, 2009, letter, "I am planning to send you a check paying the sanction order on Monday, July 13th. Thank you for your previous letter reminding me. Should the check be made out to your law firm or to your client?" [Docket No. 51, Ex. C.] Despite this representation to opposing counsel, Kendall failed to pay the fees.

This prompted Defendant to file a motion to dismiss on August 4, 2009. [Docket No. 51.] Kendall failed to respond to this motion. On March 25, 2010, Judge Barker found the

Defendant's motion to dismiss well taken and found that it was within the Court's discretion to grant the motion. [Docket No. 105 at 2.] However, Judge Barker denied the motion, stating "the Court will not prejudice Plaintiff for the repeated, serious failings of her lawyer." [*Id.*] Rather than dismiss the case, Judge Barker referred the matter back to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for consideration of whether further sanctions should be imposed.

The undersigned held a hearing on this matter on April 15, at which Kendall, his counsel, the Plaintiff, and Defendant's counsel appeared. All parties were given an opportunity to be heard. At that hearing, Kendall apologized for his omissions and agreed to reimburse Defendant $1,313 in additional fees incurred in preparing the motion to dismiss and preparing for and attending the April 15 hearing. Kendall indicated that he paid the $928 on March 26, 2010, shortly after receiving Judge Barker's order denying the motion to dismiss. Kendall further stated that he did not remember receiving the motion to dismiss. He suggested that perhaps he had not received the motion, but the Court's CM/ECF system definitively shows otherwise. Kendall stated that he erroneously thought the $928 had been paid as represented in his July 10, 2009, letter. Kendall denied intentionally ignoring the Court's order. Defendant's counsel related that Kendall's omissions have caused the Defendant to incur unnecessary expenses and wasted time, and termed the matter a "serious issue." The Court agrees.

While stopping short of finding that Kendall intentionally disregarded a Court order and obligations to opposing counsel, it is beyond debate that Kendall's conduct has been at best negligent and careless, contrary to the Indiana Rules of Professional Conduct, and put his client's case in grave jeopardy. As Judge Barker observed, Kendall engaged in repeated, serious failings that very nearly resulted in dismissal of this action with prejudice. Kendall's conduct has wasted

the time of the Defendant and its counsel, not to mention the time and resources of the Court.
Kendall's law office management is so deficient that he was unaware that a Court-ordered
sanction remained unpaid for 10 months (even though he represented to opposing counsel in
writing that the sanction would be paid by a date certain).  Kendall's deficiencies were so serious
that a motion to dismiss sat for months with no response.  Defendant even referenced Kendall's
failure to comply with the Court's April 24, 2009, order in a November 20 filing, but still
Kendall did nothing.  [Docket No. 61 at ¶ 10.]

   This is not the first time that Kendall has fallen seriously short in his obligations to the
Court and to opposing counsel.  This case itself contains other missteps and missed deadlines by
Kendall.  [*See, e.g.*, Docket Nos. 55, 58, 62, and 63.]  These shortcomings are consistent with
Kendall's conduct in certain other cases, particularly *Heffernan v. American Airlines, Inc.*, IP01-
546-C-Y/K, 2002 WL 318312 (S.D. Ind. Feb. 28, 2002) (recommending Kendall be found in
civil contempt for failing to comply with court orders) (adopted March 28, 2002).  It is obvious
to the undersigned—and presumably to other judges and opposing counsel—that Kendall is not
displaying the competence, diligence, and skill that the rules require and that clients justifiably
expect.

   Based upon the foregoing, the Magistrate Judge recommends as follows: (1) within 30
days Kendall should reimburse Defendant $1,313 in fees incurred by his conduct; (2) within 30
days Kendall (and at his discretion, appropriate members of his staff) should complete
supplemental CM/ECF training to better acquaint himself with this Court's electronic filing
procedures, and certify this fact to the Court; (3) within six months Kendall should complete
Continuing Legal Education courses at least three hours in length that include a substantial

component of "best practices" for law office management, and certify this fact to the Court; and

(4) this matter be referred to the Indiana Supreme Court Disciplinary Commission, consistent with the requirements of Rule 8.3 of the Rules of Professional Conduct, for any further action the Commission deems appropriate.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:   04/16/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael C. Kendall
KENDALL LAW OFFICE
mckatlaw@aol.com

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com

Heather L. Wilson
FROST BROWN TODD LLC
hwilson@fbtlaw.com